# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| NEAL HOUSTON, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:06-CV-60 CAS |
| CHARLES DWYER, et al., | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is attorney John D. Beger's motion to withdraw as counsel for plaintiff Neal Houston. [Doc. 62] The Court appointed Mr. Beger to represent plaintiff in this action on January 5, 2007. Mr. Beger states the following reasons in support of his motion to withdraw: plaintiff has rejected counsel's recommendations regarding settlement; Mr. Beger has been summoned to report for jury duty on July 23, 2007; Mr. Beger's workload, including a jury trial in August and an appellate brief, prevent him from meeting court deadlines; and the fact plaintiff has solicited him for money and has sent him offensive letters.

While the Court is not unsympathetic, it finds Mr. Beger has not presented sufficient grounds for withdrawal at this time. First, the divergence of opinions between plaintiff and Mr. Beger regarding settlement does not warrant withdrawal. The Court notes a client is not required to follow the advice of counsel regarding settlement. An attorney is charged with the duty of advising the client of the law, but the ultimate decisions regarding the case are made by the client. A lawyer must abide by the client's decisions concerning the objectives of representation and whether to accept a settlement offer. See Missouri Rule of Professional Conduct 4-1.2(a). Typically, clients are passionate about their case, and often this passion causes the client to have an unreasonable expectation regarding the

value of the case. Also, it is an unfortunate reality of litigation that clients are sometimes uncooperative.

As to Mr. Beger's assertion that the press of his workload and the fact he was summoned to jury duty earlier this week prevent him from complying with the case management order, the Court is willing to entertain any reasonable requests for extensions of time should there be sufficient grounds therefor.

Finally, the Court is troubled by the assertion plaintiff has sent Mr. Beger sexually explicit and offensive letters, as well as the allegation plaintiff has repeatedly asked Mr. Beger for money. Both of these averments are disturbing. Plaintiff has no constitutional or statutory right to appointed counsel in this case. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir.1998); see 28 U.S.C. § 1915(e) ("when an indigent prisoner has pleaded a nonfrivolous cause of action, a court may appoint counsel"). As appointed counsel, Mr. Beger serves as the behest of the Court on behalf of plaintiff. This fact, however, does not mean Mr. Beger may be subjected to abuse by plaintiff. Plaintiff is to treat Mr. Beger and his staff with respect. As Mr. Beger's service as appointed counsel is for the benefit of both the Court and plaintiff, the Court will deny Mr. Beger's motion to withdraw at this time. Should, however, plaintiff continue to display inappropriate behavior toward Mr. Beger or his staff, and the Court is presented with sufficient evidence thereof, the Court will would allow Mr. Beger to withdraw. Plaintiff is further warned that under such circumstances he would not be appointed new counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Mr. Beger's motion to withdraw as counsel for plaintiff is denied without prejudice. [Doc. 62]

**IT IS FURTHER ORDERED** that plaintiff shall immediately cease and desist from any further inappropriate and abusive behavior directed at his appointed counsel and staff, including sending offensive and sexually explicit correspondence and making requests for money.

                                                                    **CHARLES A. SHAW**
                                                                    **UNITED STATES DISTRICT JUDGE**

Dated this   26th   day of July, 2007.